IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PATRICIA D. PHELAN,  Civ. No. 06-6119-AA

    Plaintiff,  OPINION AND ORDER

  v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

AIKEN, Judge:

    Plaintiff, appearing *pro se,* brought suit under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the Commissioner's decision finding her ineligible for Supplemental Security Income (SSI) benefits during certain time periods based on income from her ineligible husband. For the reasons set forth below, the Commissioner's decision is reversed and remanded for further proceedings.

1 - OPINION AND ORDER

BACKGROUND

On May 22, 2003, plaintiff filed a second application for SSI benefits. At the time, plaintiff was living in Washington at the home of her husband, Phillip Phelan, who receives Social Security Disability Insurance Benefits (DIB). Tr. 13. The Social Security district office in Washington reviewed plaintiff's eligibility factors, including income and resources. The district office found that plaintiff was disabled as of May 1993. Plaintiff's Brief, Ex. B, p. 2.[1] However, it was determined that plaintiff was not eligible for any benefits from May to October 2003, because of "other unearned income." Id. Additionally, plaintiff was deemed ineligible for full benefits from November 2003 through May 2004, because she lived in the same household as her husband and his DIB benefits were "deemed" as plaintiff's income, rendering her ineligible for SSI benefits during that period. Id.

This decision was affirmed on reconsideration, and plaintiff timely requested a hearing before an Administrative Law Judge (ALJ). In her request for hearing, plaintiff disputed the denial of SSI benefits, stating that she "should have been paid [SSI benefits] from June 2003 until Dec 2003 except when my husband came

---

[1]For some reason, the initial determination of benefits was not included as part of the administrative record and plaintiff included it as an exhibit to her brief. I do not consider it "new" evidence; it is a Social Security Administration document that is part of the background information pertinent to this case.

2 - OPINION AND ORDER

home Oct 8th 2003." Tr. 43. Plaintiff asserted that, as the representative payee for her husband, his DIB benefits should not have been considered as her income. Tr. 43. Plaintiff further disputed the partial payment of SSI benefits from January through July 2004.

On June 23, 2005, the ALJ issued a decision finding plaintiff ineligible for SSI benefits from November 2003 through May 2004, because plaintiff lived with her ineligible spouse and the spousal deeming provisions applied. Tr. 13-16. The Appeals Council denied review, rendering the ALJ's decision the final decision of the Commissioner. Tr. 6-8.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner]'s conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

///

3 - OPINION AND ORDER

DISCUSSION

Plaintiff appeals the decision of the Commissioner finding that she was ineligible for SSI benefits from November 2003 through May 2004 because she lived with her ineligible spouse so that his DIB benefits were "deemed" as income of plaintiff. Additionally, plaintiff appeals her ineligibility or reduction in benefits between May and October 1993 based on "other unearned income." This "other earned" income is identified in the record as spousal support, Tr. 29, which according to plaintiff is her husband's DIB payments she received during that time as his representative payee.

The ALJ found that plaintiff resided with her husband during from November 2003 through May 2004, even though she had moved into a camp trailer as of December 14, 2003. The ALJ noted that the camp trailer was located thirty feet from the front door of her husband's residence, and that plaintiff presented conflicting statements regarding whether she paid rent for the trailer. Tr. 15. The ALJ also found that plaintiff had no separate income, and that all expenses were paid from her husband's social security payments. Tr. 15. The record contains no evidence that plaintiff incurred expenses for a separate household or actually lived separately from her husband. Therefore, I find that the ALJ's findings for the time period between November 2003 and May 2004 to be supported by substantial evidence in the record.

However, the ALJ did not consider plaintiff's claim that she

4 - OPINION AND ORDER

is entitled to full SSI benefits from May 2003 to October 2003. The ALJ apparently believed that plaintiff's appeal was based solely on the determination that she lived with her spouse, noting that "her Supplemental Security Income during that period was indeed based on her living in her own household." Tr. 14. However, the basis of plaintiff's appeal was that the DIB payments she received as her husband's representative payee between May and October 2003, while living in her own household, should not have been attributed to her or considered "other unearned income" or spousal support. Tr. 30-32, 43. Accordingly, because the ALJ did not consider plaintiff's appeal of the denial of SSI benefits between May and October 2003, I cannot find that the decision for that time period is based on substantial evidence.

## CONCLUSION

The ALJ's finding that plaintiff was not eligible for SSI benefits from November 2003 through May 2004 is supported by substantial evidence in the record. However, the ALJ did not consider plaintiff's eligibility for SSI benefits between May 2003 October 2003, a decision that was appealed by plaintiff.

I would be inclined to retain jurisdiction and remand the case pursuant to sentence six of 42 U.S.C. § 405(g) for findings on this issue. However, "[s]entence six remands may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced

5 - OPINION AND ORDER

that was for good cause not presented before the agency." <u>Akopyan v. Barnhart</u>, 296 F.3d 852, 854 (9th Cir. 2002). Accordingly, the decision of the Commissioner is REVERSED and REMANDED pursuant to sentence four of § 405(g) to fully develop the administrative record to determine whether plaintiff is eligible for SSI benefits between May and October 2003.

IT IS SO ORDERED.

Dated this <u> 2 </u> day of July, 2007.

<u>        /s/ Ann Aiken         </u>
Ann Aiken
United States District Judge

6 - OPINION AND ORDER